John D. Tran, Esq. (Cal. Bar No. 231761)
Rosalind Ong, Esq. (Cal. Bar No. 234326)
RHEMA LAW GROUP, P.C.
1 Park Plaza Suite 600
Irvine, CA 92614
Telephone: (949) 852-4430
Facsimile: (866) 929-3519
jdt@rhemalaw.com
rto@rhemalaw.com

*Attorneys for Plaintiff/Counter-Defendant*

Steven J. Goon (SBN 171993)
sgoon@rutan.com
Sarah Van Buiten (SBN 324665)
svanbuiten@rutan.com
RUTAN & TUCKER LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: (714)-546-9035

Todd Tucker (admitted *pro hac vice*)
ttucker@calfee.com
Kyle Deighan (admitted *pro hac vice*)
kdeighan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 E 6th Street
Cleveland, OH 44114
Telephone: (216) 622-8200

*Attorneys for Defendant/Counterclaimant*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXX GROUP, LLC,<br><br>　　　Plaintiff & Counter-Defendant<br><br>vs.<br><br>URIAH PRODUCTS, LLC<br><br>　　　Defendant & Counterclaimant<br><br>AND RELATED COUNTERCLAIMS | Case No. 8:24-cv-01651-FWS-MAA<br><br>Judge: Hon. Fred W. Slaughter<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff & Counter-Defendant Maxx Group, LLC and Defendant & Counterclaimant Uriah Products, LLC (collectively, the "Parties") by and through their undersigned counsel, hereby submit this Stipulated Protective Order ("the Order"):

## 1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to

2

facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1    Action: this pending federal lawsuit, Case No. 8:24-cv-01651-FWS-MAA.

2.2    Challenging Party:  a Party or Non-Party to the Action that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

3

among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.11    Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and each of their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16  <u>Professional Consultant:</u> persons or entities that provide litigation consulting services (e.g., investigators, professional jury or trial consultants, and mock jurors) and their employees and subcontractors, provided that such person  is not a past or current officer, director, owner, member, partner, contractor or employee (including in-house counsel) of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee (including in-house counsel) of a Party or a competitor of a Party.

2.17  <u>Day(s):</u> a calendar day, unless otherwise specifically indicated.

## 3.  **SCOPE**

<u>3.1 General Provisions.</u> The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or

obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2 "CONFIDENTIAL" INFORMATION. The following may be designated "CONFIDENTIAL," provided the party has a legitimate interest in maintaining its confidentiality: technical documents and product specifications that are not trade secrets but are not publicly available; confidential business, technical, or financial information; contracts, purchase orders, and non-public supplier or customer information; employee or personnel records that contain private or confidential personal information of individuals (such as social security numbers, phone numbers, addresses); protected medical or health-related information (e.g., records subject to HIPAA); or other categories of non-public business or technical information that, if disclosed, could cause harm or competitive disadvantage, but does not rise to the level requiring "CONFIDENTIAL ATTORNEY'S EYES ONLY" protection; internal business communications regarding any other category of information protected as CONFIDENTIAL under this order.

3.3 "CONFIDENTIAL ATTORNEY'S EYES ONLY. The designation "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be limited to highly sensitive trade secrets or other CONFIDENTIAL information, as defined above, that, if improperly disclosed to another party in this litigation, could cause future business or financial harm to the Producing Party or individual harm to any current or former employee of the Producing Party. The "CONFIDENTIAL ATTORNEY'S EYES ONLY" designation shall be limited to the following information: confidential information that constitutes or contains (a) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), provided that disclosure

under this Protective Order complies with all terms of such NDA; (b) non-public financial information of unusual sensitivity, including information identifying the number of products or units sold, the total dollar value of products or units sold, or the revenues, costs, or profit margins for products or units sold, both forecasted and actual; (c) information or data relating to future products not yet commercially released and/or strategic plans, the disclosure of which would materially harm the Producing Party's competitive position; (d) sensitive commercial agreements, including settlement agreements or settlement communications, the disclosure of which is likely to impair business relationships or confer a competitive advantage to the Receiving Party; (e) customer lists and information that reveals a customer's identity; (f) trade secrets, as defined under applicable law, that are not adequately protected under the "CONFIDENTIAL" designation and whose exposure would present an identifiable risk of misuse or competitive harm; and (g) information related to unpublished pending patent applications. In determining whether information should be designated as "CONFIDENTIAL ATTORNEY'S EYES ONLY," each Party agrees to use such designation only in good faith and only where disclosure to the Receiving Party would likely result in a clearly defined and serious competitive injury.

## 4.    **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material on the record or within thirty (30) days of receiving the transcript.  The parties agree that all deposition testimony and exhibits used therein shall temporarily and automatically be designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" under this order pending receipt and review of the transcript. Thereafter, only the specifically designated Disclosure or Discovery Material shall be protected under the terms of this order.

9

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Central District of California Local Rule 37-1 et seq, and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").

6.3    Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties

shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the extent reasonably necessary for this Action and only to:

(a)  a Party to this Action;

(b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11

(e)  the Court and its personnel;

(f)  court reporters and their staff;

(g)  Professional Consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "CONFIDENTIAL ATTORNEY'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" only to the extent reasonably necessary for this Action and only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters and their staff;

(e)    Professional Consultants and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4  Process for Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" Information to Experts. At least 10 days before providing any Disclosure or Discovery Material to an Expert, the party proposing to make the disclosure must serve the producing party with a written identification of the Expert and a copy of the recipient's curriculum vitae.  If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the Expert), it must serve on the party proposing to make the

disclosure with a written objection within ten (10) days after the service of the identification.  Unless the parties resolve the dispute within five (5) days after service of the objection, the producing party shall initiate the dispute resolution process under Central District of California Local Rule 37-1 et seq, and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes"), and the documents designated for protection under this Order may not be disclosed to the Expert without the Court's approval.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear

14

the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    General Provisions. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11.1    Inadvertent Failure to Designate. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of an item pursuant to this Order that should have been designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY shall not be deemed to waive a party's claim of

16

confidentiality, in whole or in part, either as to the specific material disclosed or to other material concerning the same or related subject matter. A producing party or non-party that inadvertently fails to designate as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY an item pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY. Upon receipt of such notice and properly marked material, the receiving parties shall treat such information consistent with the redesignation. All copies of the misdesignated documents shall be promptly destroyed or returned to the producing party, and any memoranda or work product derived therefrom shall thereafter be treated as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY, respectively.

11.2    <u>Inadvertent Production or Disclosure of Privileged Materials.</u> Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the privileged information has been produced or disclosed. Within five (5) days of receiving such a request, the receiving party shall (a) return to the producing party all such documents and things identified by the producing party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced,

and/or (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The receiving party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a)     If the receiving party wishes to contest that any such document or thing is protected by the claimed privilege or immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party ("Notice of Designation"). The receiving party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the receiving party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) days after receiving a Notice of Designation, the producing party shall provide to the receiving party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     The parties shall meet to confer regarding the claim for privilege or immunity within five (5) days of receiving the description of the basis for the claim of privilege or immunity.

(d)     If, after conferring, the Parties cannot reach agreement concerning the matter, the receiving party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in Central District of California Local Rule 37-1 et seq, and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").  If a motion to contest the designation is not filed within five (5) days from the parties' pre-motion telephonic

18

conference with Judge Audero, the one (1) copy, if any, retained by the receiving party as set forth in ¶ 18(a) shall be immediately returned to the producing party and/or destroyed. Likewise, in the event that the Court rejects the receiving party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the receiving party as set forth in ¶ 18(a) shall be immediately returned to the producing party and/or destroyed.

(e)    With respect to documents and things subsequently generated by a receiving party, which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party that the receiving party disputes the claims of privilege or immunity, or if the Court rejects any challenge by the receiving party to the privileged status of the inadvertent production, the receiving party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(f) The procedures set forth in this Section 11.2 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

## 12.    **<u>MISCELLANEOUS</u>**

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections.</u>   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

STIPULATED PROTECTIVE ORDER                    Case No. 8:24-cv-01651-FWS-MAA

Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.  **FINAL DISPOSITION**

Within 60 days of the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

STIPULATED PROTECTIVE ORDER                                    Case No. 8:24-cv-01651-FWS-MAA

**14.** **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: May 1, 2025

*/s/ John D. Tran*
JOHN D. TRAN (CA Bar No. 231761)
jdt@rhemalaw.com
ROSALIND T. ONG (CA Bar No. 234326)
rto@rhemalaw.com
RHEMA LAW GROUP, P.C.
1 Park Plaza, Ste. 600
Irvine, CA 92614
Telephone: (949) 852-4430
Facsimile: (866) 929-3519

*Attorneys for Plaintiff & Counter-Defendant*
MAXX GROUP, LLC

DATED: May 1, 2025

*/s/ Kyle Deighan*
Todd Tucker (admitted *pro hac vice*)
ttucker@calfee.com
Kyle Deighan (admitted *pro hac vice*)
kdeighan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 E 6th Street
Cleveland, OH 44114
Telephone: (216) 622-8200

Steven J. Goon (SBN 171993)
sgoon@rutan.com
Sarah Van Buiten (SBN 324665)
svanbuiten@rutan.com
RUTAN & TUCKER LLP
18575 Jamboree Road, 9th Floor

21

1                          Irvine, CA 92612
                           Telephone: (714)-546-9035

2

3                     *Attorneys for Defendant & Counterclaimant*
                     URIAH PRODUCTS, LLC

4

5  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

6

7  DATED: 05/01/2025

8

9  _____

10  ~~HON. Judge Fred W. Slaughter~~
HON. Magistrate Judge Maria A. Audero

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                            22

28

**ELECTRONIC SIGNATURE ATTESTATION
PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

I hereby attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this Stipulated Protective Order.

*/s/ Kyle Deighan*
Kyle Deighan
*Counsel for Uriah Products, LLC*

**CERTIFICATE OF SERVICE**

I, hereby certify that on May 1, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

*/s/ Kyle Deighan*
Kyle Deighan
*Counsel for Uriah Products, LLC*

23

STIPULATED PROTECTIVE ORDER                    Case No. 8:24-cv-01651-FWS-MAA

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of MAXX GROUP, LLC v. URIAH PRODUCTS, LLC;  Case No. 8:24-cv-01651-FWS-MAA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER                    Case No. 8:24-cv-01651-FWS-MAA